# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 2665 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| COOK COUNTY, COOK COUNTY ) | |
| DEPUTY SHERIFFS ) | |
| RANDALL DAVIS, and R. FOSTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On the same day this Court denied leave to amend a complaint in a separate but related case, plaintiff filed this nearly-identical suit. Defendants quickly moved to dismiss the suit, arguing it is barred by *res judicata* and the rule against claim splitting. For the reasons set forth below, the Court denies defendants' motion to dismiss [11].

### I.    BACKGROUND

In June 2017, plaintiff Victor Collins ("Collins") filed in this Court a suit seeking relief under § 1983. Collins named as defendants in that suit Cook County Sheriff Thomas J. Dart ("Dart"), Cook County Deputy Sheriffs Terrell Nichols ("Nichols"), Jesse Lopez ("Lopez"), I.V. Newson ("Newson") and "Unknown and Unnamed Deputy Sheriffs of Cook County." (Plf. First Am. Complt. Docket [12] of case number 16-cv-10776 (the "2016 case")). In the 2016 case, plaintiff alleged the following facts.

On April 13, 2016, while on probation for a different offense, plaintiff was arrested for possession of a controlled substance. By April 15, 2016, plaintiff was released on electronic monitoring. At about 3:00 p.m. on that day, Nichols (a named defendant in the 2016 case) fitted

plaintiff with an ankle bracelet, which plaintiff immediately complained was too tight. Nichols disagreed, based on Nichols's assessment that he could put a finger between the bracelet and plaintiff's ankle.

Plaintiff's ankle swelled up, and, on the morning of April 16, 2016, plaintiff telephoned the electronic monitoring section of the probation department of the Cook County Sheriff's office. Plaintiff spoke to "as yet unknown" members of the Sheriff's department and complained that his foot and ankle were swollen and in pain due to the ankle bracelet. An unknown person told plaintiff someone would be out to check on the situation, but no one came. On the morning of April 17, 2016, plaintiff called again and spoke to an unknown person. Plaintiff again complained about the pain and swelling. Plaintiff was again told someone would check on the situation.

On the afternoon of April 19, 2016, two Sheriff's Deputies, Lopez and Newson (both named defendants in the 2016 case) removed plaintiff's ankle bracelet. Lopez and Newson told plaintiff they could not take him to the hospital; they could take him only to jail. Plaintiff elected to stay home. Ultimately, plaintiff took himself to the hospital, where he was admitted for seven days for treatment of swollen legs, pain and cellulitis.

Based on these allegations, plaintiff included in his first amended complaint in the 2016 case five counts. Among the counts is Count III against Nichols, Lopez, Newson and "the unknown and unnamed defendants" for deliberate indifference to medical needs. After discovery closed, defendants filed a motion for summary judgment in the 2016 case.

Hours after defendants filed their motion for summary judgment, plaintiff filed a motion for leave to amend the complaint to add two defendants, Davis and Foster. The Court denied the

motion in open Court on April 12, 2018, because the motion came too late, i.e., after the close of discovery and after defendants had filed a motion for summary judgment.

On the same day that this Court denied leave to amend to add defendants Foster and Davis in the 2016 case, plaintiff filed this suit (case no. 18-cv-2665 (the "2018 case")) against Cook County, Foster and Davis. In the 2018 case, plaintiff alleges the same facts and same injury as in the 2016 case. In addition, plaintiff alleges that defendants Foster and Davis were the monitor and dispatcher, respectively, who failed to dispatch a deputy to check on plaintiff's ankle bracelet when he telephoned on April 16 and 17, 2016. In Count I of the 2018 case, like Count III of the 2016 case, plaintiff alleges defendants were deliberately indifferent to his medical needs. In Count II, plaintiff seeks indemnification from Cook County.

Defendants filed a motion to dismiss the 2018 case on the basis of *res judicata* and the rule against claim splitting.

## II. DISCUSSION

### A. Count I against defendants Foster and Davis

First, the Court notes that it will not dismiss Count I on the basis of *res judicata*. To begin with, *res judicata* is an affirmative defense, and plaintiff need not plead around an affirmative defense. *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). In any case, although *res judicata* "prevents the relitigation of claims already litigated as well as those that could have been litigated but were not," it does not apply in this case, because a final judgment has not been entered in the 2016 case. *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011) ("Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim.").

3

Next, plaintiff argues that the rule against claim splitting bars the 2018 case. The idea is similar to *res judicata* but bars claims even before a final judgment. As the Tenth Circuit Court of Appeals has explained:

> [T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation. If the party challenging a second suit on the basis of claim splitting had to wait until the first suit was final, the rule would be meaningless. The second, duplicative suit would forge ahead until the first suit became final, all the while wasting judicial resources.

*Katz v. Girardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011); *see also Vanover v. NCO Financial Serv. Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) ("While claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, 'claim splitting is more concerned with the district court's comprehensive management of its docket.'") (citing and adopting *Katz*, 655 F.3d at 1218-19); *Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 273 Fed. Appx. 256, 265 (4th Cir. 2008) ("In a claim splitting case, the second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'") (citation omitted).

The Court is sympathetic to defendants' argument that this Court has already decided that plaintiff could not add claims against Foster and Davis when it denied leave to amend plaintiff's complaint in the 2016 case. Normally, if one believes leave to amend was wrongfully denied, the remedy is to wait for a final judgment and then appeal. *See Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1035 (7th Cir. 1997) ("[I]f [plaintiff] disagreed with the district court's denial of leave to amend to include these claims, it could have appealed that issue[.]"); *Sensormatic*, 273 Fed.Appx. at 265 ("Presuming [plaintiff] felt that this denial [of leave to amend] was in error, it should have waited to appeal the decision until [the first case] becomes

final."). Even assuming, however, that the Seventh Circuit would follow suit and apply the doctrine of claim splitting as the Fourth, Tenth and Eleventh Circuits have (and this Court is not sure that is a fair assumption[1]), the doctrine does not apply here. Here, the second suit involves *different* defendants, namely Foster and Davis.

Even though Count I of this case involves the same allegations and the same injury to plaintiff as the 2016 case, this case involves different defendants from the 2016 case. As the Seventh Circuit has explained:

> Even if a plaintiff's right to relief arises from what is realistically viewed as a single episode, if it is a right against multiple parties—joint tortfeasors, if the right arises under tort law—he needn't join them in one suit unless there is privity among those parties . . . "Privity" in this context means that because the parties have by virtue of contract or otherwise identical interests, a claim or defense by one is equivalent to a claim or defense by all.

---

[1] Although other circuits apply the claim-splitting doctrine to bar second suits even before final judgment in the first, this Court is not sure the Seventh Circuit would go so far. In *Arrigo v. Link*, 836 F.3d 787 (2016), the Seventh Circuit affirmed the decision of a district court to do just that and also described the district court's reasoning as "sound." *Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016). Still, in that case, the Seventh Circuit was considering the appeals of both the first and the second cases at the same time. In the opinion, the Seventh Circuit had already affirmed the decision to deny leave to amend and that decision had already become a final judgment before the Seventh Circuit affirmed the decision to dismiss the second suit. *Arrigo*, 836 F.3d at 800 ("There is now unquestionably a final judgment in the first suit" so remanding just so the district court could dismiss the second suit based on *res judicata* would have been a waste of judicial resources.). In *Sklyarsky v. Means-Knaus Partners, L.P.*, 777 F.3d 892, 896 (7th Cir. 2015), the Seventh Circuit described it as "error" that the district court had dismissed the second suit while the first suit "was still pending and thus the interim ruling denying leave to [amend] was not a final decision having preclusive effect." Sklyarsky, 777 F.3d at 896. Defendants rely on *Telamon Corp. v. Charter Oak Fire Ins. Co.*, but that case does not help them, either. In that case, when the Seventh Circuit affirmed the district court's decision to dismiss a second suit after leave to amend was denied in the first suit, it did so based on *Indiana law* of claim splitting, because the first suit was in federal court on diversity jurisdiction. *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 850 F.3d 866, 872-73 (7th Cir. 2017). That case tells us nothing about what the Seventh Circuit would do if it were considering claim splitting with respect to a federal claim.

5

*Manicki v. Zeilmann*, 443 F.3d 922, 926 (7th Cir. 2006) (internal citations omitted). These defendants do not share the same interests. Each is likely to argue (and some already have) that it is the other who was deliberately indifferent to plaintiff's medical needs.

The fact that one can sue different defendants in different suits for the same injury is why the Second Circuit Court of Appeals, in *Northern Assur. Co. of Amer. v. Square D Co.*, 201 F.3d 84 (2nd Cir. 2000), concluded that a second suit against a different defendant was not barred by the claim-splitting doctrine even when plaintiff had been denied leave in the first suit to amend a complaint to add that defendant. *Northern Assur.*, 201 F.3d at 88-89 ("Where the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate. . . . Unlike the situation described above, our case involves a plaintiff seeking to add claims against a new defendant. [Plaintiff] was not required to bring its claims against [the new defendant] in [the first case] because they are independent claims. [Plaintiff] has separate and distinct causes of action against each defendant, since [defendants] are joint tortfeasors and are not in privity. [Plaintiff] has 'as many causes of action as there are defendants to pursue.'") (citations omitted). Just so here, which is why claim splitting is not a bar to Count II.

One might think that, because plaintiff named "unknown" defendants that fit these defendants' descriptions in the 2016 case that these defendants were already parties to the 2016 case, such that this suit involves the same defendants. Not so. The Seventh Circuit has held that naming a defendant in place of a previously "unknown" defendant constitutes a change of party. *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978) (When a plaintiff lists an unknown party and later replaces that party with a named defendant, "[i]t constitutes a change of parties within Rule 15(c), and the newly named defendant sought to be substituted for 'John Doe' becomes a new

party."). The fact that Foster and Davis were never named in the prior litigation (even though plaintiff tried) means this case does not involve the same defendants.

That plaintiff can pursue separate defendants in separate lawsuits for the same injury does not mean plaintiff can be compensated for the same injury twice. As the Seventh Circuit has explained in the context of a § 1983 case (which is what this one is):

> Federal common law principles of tort and damages govern recovery in § 1983 cases. It is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury. In such a case the injured party may proceed to judgment against any or all of the responsible actors in a single or in different actions. However, the very nature of damages as compensation for injury suffered requires that once the plaintiff has been fully compensated for his injuries by one or more of the tortfeasors, he may not thereafter recover any additional compensation from any of the remaining tortfeasors.

*Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir. 1985) (internal citations omitted); *see also Sommerfield v. City of Chi.*, Case No. 08-cv-3025, 2017 WL 680311 at *4 (N.D. Ill. Feb. 21, 2017).

Finally, the Court notes that it also has the authority, as a matter of "wise judicial administration," to dismiss duplicative litigation. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223-24 (7th Cir. 1993); *see also Colorado River Water Conserv. Dist. v. United States*, 424 US 800, 817 (1976) ("As between federal courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Of course, where one case is pending in a different court (such as a state court or a different federal court), "comity among tribunals" means "the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interest." *Central States, SE and SW Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000). Even though the Court has the authority to dismiss duplicative litigation, it will not exercise the

authority in this case for the same reason why the rule against claim splitting does not apply. This case is not duplicative, because plaintiff is suing different defendants.

Accordingly, the Court denies the motion to dismiss as to Count I.

**B.     Count II against Cook County**

Next, the Court considers whether Count II against Cook County is barred by *res judicata* or the rule against claim splitting.

First, as above, the Court concludes that Count II is not barred by *res judicata*. As noted above, *res judicata* is an affirmative defense, and plaintiff need not plead around an affirmative defense. In any event, the 2016 case has not reached a final judgment, so *res judicata* is not appropriate.

Second, the Court considers whether Count II is barred by the rule against claim splitting. Count II is a derivative claim for indemnification under an Illinois state statute, 745 ILCS 10/9-102. Plaintiff brought a similar claim in the 2016 case. Because state law furnishes the rule of decision on that state-law claim, the Court must consider Illinois law of *res judicata* in deciding whether the rule against claim splitting bars Count II. *See Telamon Corp. v. Charter Oak Fire Ins. Co.*, 850 F.3d 866, 873 (7th Cir. 2017) ("[W]hen the earlier judgment rested on diversity jurisdiction (or another area where state law furnishes the rule of decision), 'the federal court should . . . adopt as the federal common law of res judicata the rule of the state in which the court is located.'").

Under Illinois law, "[r]es judicata will not be applied where it would be fundamentally unfair to do so." *Nowak v. St. Rita High School*, 197 Ill.2d 381, 390 (Ill. S.Ct. 2001). Here, it would be fundamentally unfair to conclude that Count II is barred. Count II is derivative and benefits not only the plaintiff but also the defendants. If the Court were to conclude that Count II

were barred due to the fact that plaintiff brought a derivative claim for indemnification with respect to different defendants in the 2016 case, then defendants would be punished. Defendants would be left without the benefit of statutory indemnification. *Res judicata* and the rule against claim splitting are meant to protect defendants from harassing litigation. *Palka*, 662 F.3d at 437 ("Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly."). Those doctrines are not meant to punish defendants. It would be inequitable to apply the rule against claim splitting to Count II while not applying it to Count I, so the Court will not.

For these reasons, the Court denies the motion to dismiss as to Count II.

### III. CONCLUSION

For the reasons set forth above, the Court denies defendants' motion to dismiss [11]. Status hearing previously set for 3/13/19 is stricken and reset to 2/12/19 at 9:30 a.m.

SO ORDERED.                                              ENTERED: February 1, 2019

_____
JORGE L. ALONSO
United States District Judge